**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RICHARD C. HENNING, | CASE NO. 5:13-cv-01004 EJD |
| Plaintiff(s), | **ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** |
| v. | |
| ANN R. SEBASTIAN and MARGARET C. MA, TRUSTEES OF THE ANN SEBASTIAN REVOCABLE TRUST, | [Docket Item No(s). 48] |
| Defendant(s). | |

## I. INTRODUCTION

In this action under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et. seq., Plaintiff Richard C. Henning ("Plaintiff") moves for leave to file a Second Amended Complaint ("SAC") in order to assert additional facts describing the barriers to access at a strip mall owned by Defendants Ann R. Sebastian and Margaret C. Ma, Trustees of the Ann Sebastian Revocable Trust ("Defendants"). See Docket Item No. 48. Defendants have filed written opposition to the motion. See Docket Item No. 49.

Federal jurisdiction arises pursuant to 28 U.S.C. § 1331. The court has carefully reviewed the pleadings filed by both parties in connection with this motion and finds it suitable for disposition without oral argument pursuant to Civil Local Rule 7-1(b). Accordingly, the hearing scheduled for June 6, 2014, will be vacated and Plaintiff's motion will be granted for the reasons explained below.

## II. LEGAL STANDARD

This motion arises under Federal Rule of Civil Procedure 15 since Plaintiff filed it within the timeframe specified in the Case Management Order. See Docket Item No. 35. Leave to amend under Rule 15 is generally granted with liberality. Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."); Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir.1990). Leave need not be granted, however, where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay. Foman v. Davis, 371 U.S. 178, 182 (1962); Janicki Logging Co. v. Mateer, 42 F.3d 561, 566 (9th Cir. 1994).

Not all of the Rule 15 considerations are created equal; "it is the consideration of prejudice to the opposing party that carries the greatest weight." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). Moreover, "[t]he party opposing the amendment bears the burden of showing prejudice." In re Fritz Cos. Sec. Litig., 282 F. Supp. 2d 1105, 1109 (N.D. Cal. Aug. 27, 2003) (citing DCD Programs Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987)).

## III. DISCUSSION

In the First Amended Complaint, Plaintiff generally alleged certain access barriers at the stip mall owned by Defendants, including a lack of ADA-compliant parking spaces, sloping of sidewalks, narrow entry and exit doors, and blocked travel paths. See Docket Item No. 21. As noted, Plaintiff seeks leave to file a SAC identifying additional barriers and describing in greater detail those previously identified. According to Plaintiff, he became aware of the additional facts from his expert in July, 2013, after a joint site inspection undertaken as a result of this District's Standing Order for ADA access cases.[1] Recognizing the significant period of time between the site inspection and the filing of this motion in May, 2014, Plaintiff explains he found it unnecessary to seek leave to amend earlier because he believed the case would settle at a court-sponsored mediation

---

[1] In the the Northern District of California, General Order No. 56 requires the parties to conduct a joint site inspection in order to "review any programmatic or policy issues, which are claimed to violate the Americans with Disabilities Act." Thereafter, the parties are required to "meet in person and confer regarding settlement of the action" and must "discuss all claimed access violations."

in December, 2013.

In response, Defendants argue that Plaintiff unduly delayed in seeking to file a SAC and that allowing amendment at this time would be prejudicial to Defendants. In support of this argument, Defendants indicate they formulated case strategies, engaged and worked with experts and participated in a mediation all in reliance on a certain set of facts alleged in Plaintiff's pleadings. Defendants contend that Plaintiff's attempt to alter his allegations now will require them to "scramble, at the last minute, to change their defense strategies to address Plaintiff's ever-moving target of a complaint."

Having reviewed Plaintiff's proposed amendments in conjunction with the status of this action, the court disagrees with Defendants' contentions. While it is certainly true that Plaintiff could and probably should have brought this motion sooner, Plaintiff's delay will not result in any significant prejudice to Defendants. Looking at their substance, the additional allegations proposed in the SAC are nothing new to these parties; most of them simply describe in greater detail what Plaintiff had already identified in the prior version of the pleading. Indeed, that type of amendment can actually benefit Defendants rather than harm them since it provides for a better understanding of Plaintiff's claims. As such, allowing Plaintiff to amend in this way is consistent with a pleading's "limited role" of "providing the parties involved with fair notice of the general nature and type of the pleader's claim or defense." Grier v. Brown, 230 F. Supp. 2d 1108, 1111 (N.D. Cal. 2002) (internal quotations omitted).

To the extent Plaintiff proposes to assert new barriers in the SAC, Defendants cannot reasonable claim complete unawareness of the potential for these allegations. Indeed, Defendants participated in the site inspection and subsequent conference with Plaintiff as required by General Order No. 56. As a result, the parties should have discussed *any and all* claimed access violations well before this motion was filed - not just the ones that were alleged in the pleadings at the time.

Nor do the present procedural circumstances render the proposed amendments prejudicial to Defendants. As the docket reflects, this case only recently emerged from General Order No. 56's mediation-focused phase and entered the litigation phase. For that reason, motion practice has not occurred and discovery has not progressed. Really, all that has happened subsequent to the failed

1  mediation is the entry of a Case Management Order.  And while it does not appear that Defendants
2  will need to "scramble" under the current case management deadlines, modifying the deadlines for
3  good cause is always a possibility.

4      In the end, Defendants' opposition boils down to a general complaint about delay.  But
5  "[d]elay alone is insufficient to justify denial of leave to amend."  Jones v. Bates, 127 F.3d 839, 847
6  n.8 (9th Cir. 1997).  Since Defendants have not demonstrated a basis for prejudice, the court will
7  allow Plaintiff to file the SAC.

### IV.   ORDER

9      Based on the foregoing, Plaintiff's Motion for Leave to File a SAC (Docket Item No. 48) is
10  GRANTED.  Plaintiff shall file the SAC as a separate docket item on ECF/PACER forthwith.
11      The hearing scheduled for June 6, 2014, is VACATED.

13  **IT IS SO ORDERED.**

15  Dated:  June 2, 2014



EDWARD J. DAVILA
United States District Judge